Nov. Term,
1828.

CRANE
v.
DOUGLASS.

*Thursday,
November 13.*

---

## CRANE and Wife v. DOUGLASS.

Case by *A.* against *B.* for slanderous words. Plea, that the defendant had heard
from *C.* the charges mentioned in the declaration, and that, at the time the defendant
spoke the words, he stated that *C.* had told him so. Replication, that the defendant
had spoken and published the words falsely and maliciously with a knowledge that
they were false, and with the intent alleged in the declaration. *Held*, on special
demurrer, that the replication was good.

APPEAL from the *Jackson* Circuit Court.

*Thursday,
November 13.*

SCOTT, J.—To an action on the case for slanderous words,
the defendant, after the general issue, pleaded specially, that
he had heard from one *John Mapes* the said several charges in
the declaration mentioned, and that, at the several times of
speaking the words, he had stated, in the presence of the same
persons in whose hearing the words were spoken, that *John
Mapes* told him so. To this plea the plaintiffs replied, that the
defendant spoke and published the words falsely and malicious-
ly, of his own wrongful and malicious disposition, and with a
knowledge of their being false, and with the purpose and in-
tent as in said declaration is suggested; and not in the manner
and with the intent and purpose as, in said plea, by him is plead-
ed and suggested. There was a special demurrer to this repli-
cation, and judgment for the defendant. We think this was
wrong. When a plea consists merely of matter of excuse or

Nov. Term,
1828.

CRANE
v.
DOUGLASS.

justification, the general replication, *de injuria sua propria*, is the proper answer, and puts the whole plea in issue. Stark. on Sl. 348.—1 Saund. 244, a. n. 7 (1). The fact that the defendant heard the slander from another person, and that he gave the name of the author at the time of repeating it, does not, *per se*, amount to an absolute justification; it only raises a presumption, *prima facie*, in his favour, that he did not circulate the slander maliciously; which presumption may, notwithstanding, be rebutted by testimony going to prove positive malice. Stark. on Sl. 213, 397. The replication answers the plea according to its legal effect and operation, and takes away all the matter of exculpation contained in it; and the defendant, by the demurrer, admits that he uttered the slander maliciously (2).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with directions to permit the defendant to withdraw his demurrer, &c.

*Nelson* and *Farnham*, for the appellants.

*Howk*, for the appellee.

(1) The replication, *de injuria*, is spoken of as follows in a late valuable treatise on pleading: "This species of traverse occurs in the *replication*, in actions of *trespass* and *trespass on the case;* but is not used in any other stage of the pleading. In these actions, it is, in general, the *proper* form, wherever the replication traverses the plea in bar. But to this, there are the following large exceptions: When the matter to be traversed consists either of matter of *title* or *interest,*—or *authority of law,*—or *authority in fact* derived from the opposite party,—or matter of *record,*—in any of these cases, the replication *de injuria* is generally improper; and the traverse should be in the common form; that is, in the words of the allegation traversed." Steph. on Plead. 187, 188. *Crogate's* case, 8 Co. 132, is cited for the above doctrine, and is the leading case on the subject. The following is a decision of the Court of King's Bench in 1832: "An avowry in replevin stated that the plaintiff was an inhabitant of a parish, and rateable to the relief of the poor, in respect of his occupation of a tenement situate in the place in which, &c.; that a rate for the relief of the poor of the said parish was duly made and published, in which the plaintiff was in respect of such occupation duly rated in the sum of 7l.; that he had notice of the rate, and was required to pay, but refused; that he was duly summoned to a petty sessions to show cause why he refused; that he appeared and showed no cause, whereupon a warrant was duly made under the hands of two justices of the peace, directed to defendant, requiring him to make distress of the plaintiff's goods and chattels; that the warrant was delivered to defendant, under which he as collector justified taking the goods as a distress, and prayed judgment and a return. Plea in bar, *de injuria*, &c. Special demurrer, assigning for cause, that the plea offered to put in issue several distinct matters, and was pleaded as if the avowry consisted merely in excuse of the taking and detaining, and not in justification and claim of right.

*Held*, by *Parke* and *Patteson*, Js., Lord *Tenterden* C. J. dissentiente, that the plea in bar was good." *Selby* v. *Bardons*, 3 Barn. & Adol. 2.

It appears by the last-cited case, 1st, that as the interest claimed by the avowry did not exist previously to the seizure complained of, *that interest* did not exclude the plea of *de injuria;* 2dly, that the facts stated in the avowry fall within the principle of a justification *under any Court not of record,* where *de injuria* generally is good; 3rdly, that as all the facts in the avowry show but one cause of defence, *the multiplicity of the matters* put in issue was no objection to the plea of *de injuria.* The judgment in this case was, in 1833, affirmed in the Exchequer Chamber. *Bardons* v. *Selby,* 9 Bing. 756.

(2) *Northampton's case,* 4th Resolution, 12 Co. 134, is the leading case on this subject. That case, so far as it imports a general position,—that the repetition of slander is always justifiable, if the party state at the time of repeating the words the name of the author,—may be considered as overruled in the *English* Courts. The following is a decision of the Court of King's Bench in 1829:—"In an action for slander, for words spoken of the plaintiff in his trade, importing a direct assertion made by the defendant, that the plaintiff was insolvent, the defendant pleaded, that one *T. W.* spoke and published to the defendant the same words, and that the defendant, at the time of speaking and publishing them, declared that he had heard and been told the same from and by the said *T. W. Held,* upon demurrer, that this plea was bad,— 1st, because it did not confess and avoid the charge mentioned in the declaration, the words in the declaration importing an unqualified assertion made by the defendant in the words stated in the declaration, and the words used in the plea, importing that the defendant mentioned the fact on the authority of *T. W.;*—2dly, because it did not give the plaintiff any cause of action against *T. W.,* inasmuch as it did not allege that *T. W.* spoke the words falsely and maliciously;—3dly, because it is not an answer to an action for oral slander for a defendant to show that he heard it from another, and named the person at the time, without showing that the defendant believed it to be true, and that he spoke the words on a justifiable occasion." *M'Pherson* v. *Daniels,* 10 Barn. & Cress. 263.

The Court of Common Pleas, in 1830, in speaking of the 4th Resolution in *Northampton's case,* says, "But the resolution above referred to, which has at all times been looked at with disapprobation, has, in the recent case of *M'Pherson* v. *Daniels,* 10 B. & C. 263, been in effect overruled by the Court of K. B.; and with the judgment of that Court, upon that occasion, we entirely concur." *Ward* v. *Weeks,* 7 Bing. 211.