Wilson v. Palmer.

BENJAMIN S. WILSON v. THOMAS E. PALMER.

It appears now to be a well established principle, though once doubted, that a prior occupancy is sufficient title (to recover in ejectment) against a wrong doer; but the evidence must show a continuous possession, or at least must show that it was not abandoned, to entitle a plaintiff to recover merely by virtue of such possession.

Where the defendant in execution brings suit to recover land sold under such execution, against a purchaser or the vendee of a purchaser at such execution sale, and the defendant either offers in evidence the Sheriff's deed, or gives notice that he will offer it on his behalf, the plaintiff is not required to do more (in the first instance) than to show that his right to the land did not pass from him by such sale, notwithstanding the defendant may have pleaded the general issue.

Three years adverse possession under a Sheriff's deed, will not bar the right of the defendant in execution to recover the land, upon proof that the judgment under which the sale was made, was a nullity.

Error from Walker. Tried below before the Hon Peter W. Gray.

This suit was commenced on the 13th of October, 1856. The petition alleged the title of the land in plaintiff, his ouster by the defendant, and prayed judgment for the land and general relief. The petition was not indorsed as in cases of trespass to try title. The answer of defendant was as follows: Now comes the defendant, and, for answer, says he is not guilty of the trespass in plaintiff's petition mentioned.

And for further answer defendant says that he has been in possession under color of title adversely and against all the world, of the premises sued for, for more than three years next before the commencement of this action, holding the same fairly and honestly in his own right; and so he says that the plaintiff is barred by the Statute of three years.

And for further answer defendant says, that he and those

under whom he holds, have had five years peaceable and adverse possession of said premises, using and enjoying the same and paying taxes thereon and claiming the same by deed, duly registered, and so he says the plaintiff is barred by the Statute of Limitations of five years.

And defendant suggests and says, that he has, in good faith, made permanent and valuable improvements, &c., &c.

The notice of the filing of the deed was as follows : Thomas E. Palmer v. B. S. Wilson. 1. A deed from John F. Vaun, Sheriff of Walker county, Texas, to D. J. Ransom, dated 1st of April, 1851. 2. Deed from D. J. Ransom to B. S. Wilson, dated 1st of January, 1853. —— A. P. Wiley, attorney for plaintiff in this cause, will take notice that the deeds mentioned above will be offered in evidence in the above entitled cause, in behalf of defendant, and that they are this day filed in said cause. (Signed by defendant's attorney, and service acknowledged by Wiley.) The return of the Sheriff on the citation from the Justice's Court was as follows : Came to hand 30th January, 1851, and same day ordered the within published as directed, by filing a copy with the editor. (Signature of Sheriff.) The Justice's record did not otherwise show or recite that the defendant had been duly cited. The citation directed the Sheriff to publish it in the Texas Presbyterian, a newspaper published at Huntsville, in said county.

The Sheriff's deed was recorded Sept. 27th, 1856. The deed from Ransom to plaintiff was recorded on the 8th of January, 1853, upon the oath of one of the subscribing witnesses, " that he saw D. J. Ransom, subscribe and execute the same for the purposes and upon the consideration therein mentioned." It was afterwards acknowledged by Ransom on the 30th of Oct., 1856, and recorded again same day.

The other facts are stated fully enough in the Opinion.

*S. M. Branch*, for plaintiff in error, cited Hughes v. Lane, 6 Tex. R. 289 ; Simpson v. McLemore, 8 Id. 448.

Vol. XVIII.          38

*A. P. Wiley*, for defendant in error, cited 2 Saunders, 112 ; 10 Tex. R. 139 ; 3 Johns. R. 383 ; 7 Tex. R. 483 ; 17 Id. 747.

HEMPHILL, CH. J. This is an action to try the title to a portion of a town lot in the town of Huntsville. The petition is in the usual form as to possession by plaintiff Palmer, and ejectment by the defendant Wilson. The defendant pleaded not guilty ; that he had been in adverse possession under color of title for three years, and also for five years under deeds duly registered. On the day that he filed his answer, he also filed two deeds in the cause, and gave notice to the plaintiff's attorney that the deeds would be offered on his (the defendant's) behalf. One of the deeds was from the Sheriff of Walker county to D. J. Ransom, dated April 1st, 1851, and the other from Ransom to Wilson, the defendant, dated 1st Jan., 1853. At the trial, these two deeds were read in evidence by the plaintiff, without objection on the part of the defendant. The deed from the Sheriff to Ransom recited a recovery of a judgment by Ransom against Palmer before Wm. C. Rogers, a Justice of the Peace ; the levy of the execution upon the lot in question ; the public sale by the Sheriff ; the purchase by Ransom ; and it conveyed all the right and title of Palmer in the said lot to Ransom, the purchaser. The second deed was a conveyance of the lot by Ransom to Wilson. The plaintiff also gave in evidence without objection, a transcript of the proceedings in the suit before the Justice of the Peace, and proved that Palmer, previously to going to California, had built and worked in a carpenter-shop, upon the lot. There was no one in possession when the property was sold by the Sheriff. Wilson has been in possession since he purchased from Ransom. There was proof also as to the value of improvements made by Wilson. A jury being waived, the Court gave judgment for the plaintiff for the land, and that the defendant recover twelve hundred and fifty dollars for his improvements. Motion for new trial was overruled.

Wilson v. Palmer.

The defendant has brought the cause up by writ of error, and assigns that the Court erred,

1st. In overruling motion for a new trial.

2d. In allowing the plaintiff to recover upon the weakness of defendant's title.

3d. In rendering judgment when the plaintiff had shown no possession.

4th. In deciding against the Statute of five years.

5th. In deciding against the Statute of three years.

6th. In rendering said judgment.

In support of the judgment, the defendant in error insists upon the principle that where the plaintiff shows priority of possession, and no title is found in the defendant, the plaintiff, by virtue of his possession merely, shall have judgment. It appears now to be a well established principle, though once doubted, that a prior occupancy is sufficient title against a wrong doer. (9 Tex. R. 139; 2 Black. 197; 2 Saunders, 111; 2 Johns. 22; 4 Id. 202; 4 Cowen, 602.) But the proof here is, that no one was in possession at the time of sale. The plaintiff, Palmer, had been in possession prior to his leaving for California; but there is no evidence to show that possession was continued under him after he left, or in fact was continued at all. The evidence must show a continuous possession, or at least that it was not abandoned, to entitle a plaintiff to recover merely by virtue of such possession.

But the plaintiff insists, and we think with much reason, that he was not bound to prove any paper title in himself, under the pleadings of the defendant and the deeds filed by him to be used as evidence on his behalf; as these showed that Palmer, the plaintiff, was the only source from which the defendant derived any claim to the premises in controversy. Had the defendant, as the purchaser of the title acquired at the Sheriff's sale, sued the plaintiff for possession, he would not have been required to prove that there had been any title in the plaintiff prior to the Sheriff's sale. He could have claimed that what-

ever right the plaintiff had, was passed to him (the defendant) as purchaser through the Sheriff's sale ; and the judgment, execution and sale would have been conclusive as against the plaintiff, not only of his right in the property at the time of the sale, but that *prima facie* he had some right at that time subject to execution and sale ; though doubtless this might be rebutted, by showing that he had no right at the time, but that he had subsequently acquired a right. If, then. the judgment, execution and sale, would conclude the plaintiff if he had been sued by the defendant, not only as to all the right he had at the time of the sale, but that *prima facie* he had some right upon which the judgment and sale could operate, it would seem, *e converso*, that where the plaintiff (who was defendant in execution) brings the suit against the purchaser, (as is the defendant here) and the defendant either offers in evidence his Sheriff's deed or gives notice that he will offer it on his behalf, the plaintiff is not required to do more than to show that his right to the land (admitted as this right is by implication from the judgment, levy and sale and which implication is very strong against the purchaser) did not pass from him by such sale. Clearly this would have been the right of the plaintiff, had the deeds been offered in evidence by the defendant ; and if filed by him with the notice that they will be offered in evidence, it would seem that they might be used by the plaintiff, especially when read by him without objection, and have all the effects which would flow from them, had they been offered and read by the defendant as evidence.

The next question was, were the deeds effectual to pass the title of plaintiff to the defendant ; and this must be responded to in the negative. There is no legal evidence of notice by publication. We have ruled in several cases, that the Sheriff must return the fact of his giving notice by publication with all the circumstantiality and certainty required of him by law in making his returns of service of process generally. He returned merely that he ordered the notice to be published as

directed, by filing a copy with the editor. This is no sufficient return that there was publication, and the judgment was void for want of jurisdiction.

The other points do not require notice, as clearly the defendant could not claim under the Statute of Limitations.

There is no error, and it is ordered that the judgment be affirmed.

Judgment affirmed.