## I. M. TAYLOR *v.* I. L. HUDGINS.

1. PRINCIPAL AND AGENT—NON EST FACTUM. An agent acting under power of attorney which authorized him "to mortgage, hypothecate, or create a lien" on the lands of his principal, borrowed a sum of money for which he executed a note, and secured it by a deed of trust, made at the same time on the land of his principal. Suit was brought against the principal on the note and to foreclose the mortgage. Defendant pleaded *non est factum*, as to the note only, which, notwithstanding the plea, was admitted in evidence with the deed of trust, with no further evidence of its execution than that afforded by the deed of trust.

*Held,* 1st, that there was no error, the deed of trust and note constituting one transaction ; the note being evidence of the debt, and the trust deed both evidence and security. 2d, The trust deed alone was sufficient without a note to authorize a judgment for the debt and a decree of foreclosure.

2. POWER OF ATTORNEY. Such a power of attorney will be construed as authorizing the agent to negotiate a loan for his own or his principal's benefit.

APPEAL from Tyler. Tried below before the Hon. H. C. Pedigo.

*Q. M. Crasson,* for appellant.

*W. B. Cline,* for appellee.

DEVINE, J. On the 24th of October, 1854, appellant executed, delivered, and acknowledged for record his power of attorney to I. H. Finch, of the county of Orange, in which he authorized Finch, as his true and lawful attorney, to act for him, and in his "name, place and stead, to mortgage, hypothe-"cate, or create a lien upon all or any portion of my (his) "lands, being situate in this State aforesaid, with the appur-

" tenances, and all my (his) estate, right, title, and interest " thereunto such person or persons, and for such price or prices " as he shall think proper," * * * and to " sign and deliver " and acknowledge all such mortgages, liens, or deeds of hy- " pothecation as shall be necessary for the absolute granting " of the powers unto all such persons interested."

By virtue of this power, I. H. Finch obtained, in the parish of " St. Mary's," in the State of Louisiana, from appellee, the sum of two thousand five hundred and seventy-five dollars ($2,575), and, as attorney of appellant, executed a note and deed of trust on the land in Tyler county, described in the pleadings and exhibits. The note and trust deed were executed on the 12th of May, 1855, and the latter recorded July 11th, 1855. The trustee (Curtiss) failing to execute the trust after the maturity of the note, Hudgins brought suit to foreclose the mortgage. The defendant excepted, answered with a general denial, and filed a plea of *non est factum*, in the following words: " Defendant says that he never made, exe- " cuted, and delivered the said pretended promissory note men- " tioned and described in plaintiff's petition, to any person " whatever; nor signed his name to the same, nor authorized " any other person whatever to make and execute said pre- " tended promissory note, nor sign his name to the same, " wherefore he pleads *non est factum*," etc.

A jury was waived, the cause was submitted to the court, and a judgment rendered in favor of plaintiff for the sum of five thousand nine hundred and sixty-five dollars ($5,965)—the amount of principal and interest due, and the usual decree of foreclosure and sale.

Appellant assigns as error the overruling by the court, his exceptions to plaintiff's original and amended petitions, and in overruling his objections to the introduction in evidence of the note sued on, and the power of attorney to Finch, and deed of trust executed by the latter (in favor of Hudgins) as the attorney, in fact, of appellant, as set forth in bills of exceptions. The other assignments of error are embraced in those stated.

There was no error in overruling defendant's exceptions to plaintiff's petition and amendment; they both set forth a sufficient cause of action. That the court erred as set forth in bill of exceptions No. 1, in permitting the note to be read in evidence notwithstanding defendant's plea of *non est factum*, we are not inclined to admit; the plea studiously avoided any denial of defendant's having executed and delivered his power of attorney to Finch to mortgage, create a lien, and hypothecate all or any of his lands in Texas, and to execute, deliver, and acknowledge all such mortgages, liens, or deeds of hypothecation as might be necessary. The answer of defendant made no assertion and even gave no intimation that he had not intended to authorize his agent to receive or that he had not received the amount of money claimed by plaintiff. The case being tried before the court, it could not have escaped the attention of the presiding judge, that the plaintiff could have testified in his own behalf and would have done so had he any facts to state that would have relieved or tended to relieve him from the liability set forth in plaintiff's petition. The note and mortgage were executed simultaneously—they were parts of one and the same transaction, having exclusive reference to a sum of money obtained, of which the note was in part the evidence of indebtedness, and the trust or mortgage deed alike the evidence and security for. The two writings, executed at the same time, between the same parties, and having reference to the same subject-matter, must be deemed one instrument, and as forming but parts of the same contract. (See Dunlap *v.* Wright, 11 Texas, 603, and authorities there cited.)

The note and mortgage constituted but one cause of action, and the deed with its covenants would alone have enabled the plaintiff to maintain his suit and obtain judgment for his debt with a decree of foreclosure on the land mortgaged. (Duty *v.* Graham, 12 Texas, 436.) The presiding judge, in permitting the note to be read in evidence, it is clear, considered that the power of attorney from defendant to Finch, with all the at-

tendant circumstances, was ample evidence to prove that defendant had authorized his agent to execute that or any other note in connection with the creation of a mortgage-lien or hypothecation of any or all his lands in Texas, and in this opinion we concur.

Appellant contends, however, that as the evidence shows that the consideration for the execution and delivery to appellee of the note and trust deed was loan of money; that the judgment is therefore erroneous and should be reversed. Why this should be so is not shown. A mortgage is defined as "the conveyance of an estate or property by way of pledge "for the security of a debt, to become void on payment of it." (4 Kent's Commentaries, 136.) A lien is "a hold or claim "which one person has upon the property of another as a "security for some debt or charge." (2 Bouvier, Title Lien.) Hypothecation is "a right which a creditor has over a thing "belonging to another, and which consists in a power to cause "it to be sold in order to be paid his claim out of the proceeds." (1 Bouvier, Title Hypothecation.) The power of attorney from appellant to Finch is silent with reference to existing debts or obligations due or about to become due to any person from appellant, and which he desired to secure by mortgage or otherwise; he has not stated, in evidence or in his answer, that such was the fact; his power to Finch can be readily and truly construed to refer to the creation of debts; no power is given to his agent to create them by the purchase of property, or in any other mode, and in the absence of any expression in the power of attorney showing that it was given for the purpose of giving security for existing liabilities, we can only conclude it was intended to enable the agent to obtain a loan of money for his, or his principal's use or benefit. We are therefore of opinion that there was no error in receiving the trust deed as evidence.

Upon appellee entering a *remittitur* for the excess of eight dollars and eighteen cents the judgment is affirmed.

Affirmed.