## WALTER CUSTARD v. JOHN J. MUSGROVE.

1. TRESPASS TO TRY TITLE—PLEADING.—Where a defendant, in trespass to try title, files a special plea, setting up title in himself, and setting out his title, he is confined in his defense to the title set up by him, and in such case the general denial or plea of not guilty, which he may have also pleaded, is thereby waived. This rule, in practice, has not been regarded as applicable to a plea by the defendant of title under the statute of limitations, which the statute requires shall be specially pleaded.

2. PLEADING—TRESPASS TO TRY TITLE.—The rule that a defendant in trespass to try title, who pleads specially, setting up title to himself, will be confined in his defense to the title set up by him, is not changed by the fact that the special plea begins with a denial that plaintiff ever had any right or title to the land in controversy, for that would only be, in effect, a repetition of the plea of general denial.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The opinion states the case.

A number of questions were raised on exception, and presented in the assignment of errors in this case, which were argued at some length on both sides; but since the decision turned on a single point, reference to them is omitted.

*W. Billups*, for appellant.

*Sheeks & Sneed*, for appellee.—In this action it was necessary for the plaintiff to deraign title to himself from the sovereignty of the soil, or from the common source, and show that it was the common source, and also that the land claimed by him was the same possessed by the defendant, before he could recover. (Acts of 1871, p. 3; Stroud *v.* Springfield, 28 Tex., 650.) He did none of these.

His only evidence was—

1. A deed from the sheriff of Travis county, conveying all the land to Walter Custard, plaintiff, William Custard, jr., and Mary Custard.

2. A deed from William Custard, sr., conveying the same land to the same parties.

3. The testimony of H. C. Eans, to the effect that he was the husband of Mary Eans, formerly Mary Custard, sister of the plaintiff. This was all the evidence in the case. On that proof alone it was clearly the duty of the court to instruct the jury to find for the defendant.

ROBERTS, CHIEF JUSTICE.—Appellant brought suit against appellee, to recover one third interest in lots 4, 5, and 6, in

block 146, in the city of Austin. His action was, in form, trespass to try title, with a prayer for damages and for partition.

The appellee answered by a general denial, a plea of not guilty, and a special plea of superior title in himself to the entire interest in the lots.

The special plea alleged that said lots, with other lots and tracts of land, formerly belonged to appellant Walter Custard, his brother William, and his sister Mary Eans, as tenants in common; that after Mary Eans's marriage, and while appellant was still a minor, a division of property was made between them, with the consent of his father, his natural guardian, in which these lots were conveyed by William Custard, jr., then adult, and by the father, William Custard, sr., to the sister, Mary Eans, in severalty. In consideration of which the brother, William, and his sister Mary, joined by her husband, conveyed to appellant " the undivided one sixth of the north half of lot 3, and the south half of lot 4, in block 83, in the city of Austin," together with a half interest in her share in her deceased mother's estate, &c. ; that said interest in said lots, so conveyed to appellant, was more valuable than the lots conveyed to the sister; that Mary Eans and her husband conveyed said lots, Nos. 4, 5, and 6, in block 146, in the city of Austin, to appellee, for a valuable consideration, and that he had since put permanent improvements upon them, of the value of $1,000; and that since appellant had become of full age, he, said Walter Custard, had fully confirmed said division by selling his interest in the lots set apart to him in the division.

The question in this case is, did not the burthen of proof rest upon the defendant Musgrove, he having pleaded title in himself, derived as to the third interest sued for, from the plaintiff Walter Custard. If so, the court erred in directing the jury to find a verdict for the defendant, the defendant having adduced no evidence in support of his special plea, and, in fact, no evidence at all. Since the decision of the

case of Rivers *v.* Foote, 11 Tex., 670, it has been regarded as substantially settled, that when a defendant, in an action of trespass to try title to land, files a special plea, setting up title in himself, and setting out his title, he is confined in his defense to the title set up by him, and that the general denial, or plea of not guilty, that he may have pleaded also, is thereby waived. That rule has been directly affirmed by a late decision of this court. (Shields *v.* Hunt, 45 Tex., 424.) This rule may not apply to a claim of title under the statute of limitations, which is required by law to be specially pleaded. In practice it has not so been applied; that plea and the plea of not guilty being often found together without objection.

In this case there seems to have been an effort to avoid the force of this rule, by commencing the special plea with a denial of the fact that plaintiff ever had any right or title to the lots in controversy. That, however, could not have any other effect than a mere repetition of the general denial previously pleaded.

This error of the court being decisive of the case, the other questions are not of sufficient importance to require any discussion.

Judgment reversed and remanded.

REVERSED AND REMANDED.