# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1881.

---

### H. L. STEGALL ET AL. V. DAVID HUFF.

Case No. 1043.)

1. SERVICE BY PUBLICATION.— Under the statute in force in 1869, authorizing citation by publication in a justice's court (Pasch. Dig., art. 1190), a judgment by default, based on a citation by publication, made on an affidavit that the residence of the defendant was unknown to affiant, is void, that fact appearing upon the record; and may be attacked collaterally.

2. SAME.— Such service should be strictly construed.

3. SAME— EQUITY— LIMITATION.— A sale of land made under execution based on such a judgment could not divest title. The owner would not be bound to refund the purchase money paid before being entitled to recover in a suit against a purchaser in possession, nor could the purchaser sustain limitation of three years under his deed.

4. LIMITATION.— An occasional use of land for the purpose of cutting timber, unaccompanied with actual residence on the land, is not such possession as will support the five years' statute of limitations.

5. PURCHASER— NOTICE.— A purchaser at a judicial sale is chargeable with notice whether the court had jurisdiction to pronounce the judgment under which the sale was made.

6. PRACTICE— TRESPASS TO TRY TITLE.— In an action of trespass to try title, when the defendant claims title through a sheriff's deed under judgment and execution against the plaintiff, the plaintiff is not required to deraign title beyond himself, as a common source, nor is he required to allege the common source of title in order to introduce evidence of it.

APPEAL from Angelina. Tried below before the Hon. W. D. Wood.

Suit by appellee against the appellants, for a tract of 493 acres of land situated in Angelina county, which had been

sold by the sheriff of that county on the 7th day of September, 1869, to H. L. Stegall, C. H. Ballard and E. L. Robb, by virtue of an execution and *venditioni exponas*, issued on a judgment rendered by Arnold Branton, an acting justice of the peace, in favor of J. R. Stark, and against Huff, the appellee, on the 29th day of May, 1869; service was by publication, based upon Stark's affidavit for same. Jury waived, and judgment for Huff, appellee, decreeing the judgment rendered by the justice of the peace void.

On the 5th of March, 1869, J. R. Stark made affidavit before A. Branton, justice of the peace of Angelina county, "that David Huff was indebted to him $94, and that the residence of said Huff was unknown to affiant."

Upon this affidavit as a basis, the justice ordered citation by publication. That citation was returned with the following indorsement: "Came to hand March 6, 1869, and forwarded same day to the editor of the within mentioned newspaper for publication, as the law requires.

(Signed) "ALBERT MANTOOTH,
"Deputy Sheriff of Angelina County."

On the 12th of April, 1869, there was filed with the justice, an affidavit of the publisher of the Redland Beacon, with a printed copy of the citation attached, which affidavit was indorsed as follows: "Came to hand —— day of March, 1869, and executed by having the within citation published in the Redland·Beacon for three successive weeks previous to the date, this 12th day of April, 1869.

(Signed) "T. R. WALKER,
"Sheriff of Angelina County."

Upon this affidavit, citation and return, the justice, on the 29th day of May, 1869, rendered judgment by default against Huff in favor of Stark, for $94 and cost of suit.

On the 7th of September, 1869, the sheriff of Angelina county, by virtue of a *venditioni exponas* issued on that judgment, sold the land in controversy as the property of

Huff to appellants Stegall and Robb, and one C. H. Ballard, who subsequently purchased Stegall's interest at a marshal's sale, and afterwards, by deed of gift, conveyed his interest in the land to his daughter, Amanda Stegall, wife of Henry L. Stegall.

The justice court law of 1869 (Pasch. Dig., art. 1190) authorized citation by publication upon two grounds only: *first*, upon affidavit that the defendant was absent from the state; *second*, upon affidavit that the defendant was a transient person, so that the ordinary process of law cannot be served upon him.

*H. G. Lane* and *Guinn & Gregg*, for appellants.

I. On the subject of service by publication, we refer to Paschal's Digest, 2d ed., art. 1190; and on the subject of sheriff's sales and purchasers under execution, we refer, respectfully, to Sydnor *et al. v.* Roberts *et al.*, 13 Tex., 598; also Ayres *v.* Duprey, 27 Tex., 593; Howard and Wife *v.* North, 5 Tex., 290; Stroud *v.* Casey, 25 Tex., 740; Cundiff *v.* Teague, 46 Tex., 475.

II. We submit to the court that the title deed of the plaintiffs in error from the sheriff could not be attacked in this collateral proceeding on account of any irregularity of the service by publication from the justice court or any such irregularities in the execution levied by the sheriff. The purchaser at execution sale is only bound to take notice of the judgment and execution under which the property is sold. Brooks *v.* Rooney, 11 Ga., 423; Sullivan *v.* Herndon, 11 Ga., 294; Cooper *v.* Horter, 1 Carlton, 427; Clark *v.* Watson, 2 Carlt., 399; Trotter *v.* Nelson, 1 Swan, 7; Winston *v.* Otly, 25 Miss., 451; Jackson *v.* Robins, 16 Johns., 537; Thompson *v.* Phillips, 1 Bald. C. C., 246; P. J. Willis & Bro. *v.* Green Ferguson, 46 Tex., 497; W. A. Taylor *v.* D. E. Snow, 47 Tex., 462; Mills *v.* Alexander, 21 Tex., 154; Bohanan *v.* Haus, 27 Tex., 445; Lawlor's Heirs *v.* White *et al.*, 27 Tex., 250; Gid-

dings v. Steele, 28 Tex., 732; Wyche v. Clapp, 43 Tex., 543; Hancock v. Metze, 15 Tex., 209; Coffee v. Silvan, 15 Tex., 354.

*Wheeler, Borden & Wheeler,* for appellee.

The court erred in allowing appellee to introduce in evidence a copy of the deeds of appellant to prove a common source, when there was no allegation in his petition alleging a common source, or that the said deeds were forged. 1 Greenl. on Ev., p. 66, secs. 50, 51, 52 *et seq.*

BONNER, ASSOCIATE JUSTICE.— The affidavit for citation by publication in the justice court, in the case of Stark v. Huff, was based upon the ground that the residence of the defendant was unknown.

Under the law then in force, citation by publication was authorized in justice courts only upon affidavit that the defendant was absent from the state, or that he was a transient person. Pasch. Dig., art. 1190. Compare District Court Act, art. 25.

It is a well established general rule, that if it affirmatively appears from the record, either that the court. did not have jurisdiction of the subject-matter or of the person by some mode of procedure authorized by law, where this is required, as by our statute governing proceedings in justice courts, then the judgment will be held void, even upon a collateral attack. Freeman on Judgments, ch. 8.

In this case the record of the justice court affirmatively shows that the judgment by default against Huff was rendered upon citation by publication, issued upon a ground not authorized by. the statute, and was consequently void, and not voidable only.

Such citation being but a substitute for personal service and *ex parte* in its character, should be strictly construed. Wilson v. Palmer, 18 Tex., 596; Edrington v.

Allsbrooks, 21 Tex., 189; Allen *v.* Wyser, 29 Tex., 153; Hollingsworth *v.* Barbour, 4 Peters, 474; Freeman on Judgments, § 127.

The authorities all hold-that a purchaser at a judicial sale will be chargeable with notice whether the court had jurisdiction to pronounce the judgment or decree under which it was made. Chambers *v.* Jones, 72 Ill., 281.

The judgment being *void,* the sheriff's sale under it did not of itself divest Huff of his title to the land, and he was not bound to refund the purchase money paid the sheriff. Edrington *v.* Allsbrooks, 21 Tex., 189. Otherwise he might indirectly be forced to pay an indebtedness which he did not owe.

Neither was it sufficient to sustain the statute of limitations of three years. Wilson *v.* Palmer, 18 Tex., 592.

Without deciding that a case might not arise in which there would be such adverse possession and enjoyment of land by the use of the timber thereon as would support the statute of limitation, we are of opinion that the occasional use of the land for timber purposes, without actual residence upon or cultivation of any part of it, as shown by the testimony in this case, was not such open, notorious and visible occupation as would constitute that adverse possession, use or enjoyment, by which the presumption of notice and acquiescence upon the part of the true owner would arise to bar his right, as was evidently intended by our statute of limitations of five years. Pasch. Dig., art. 4623; Mitchell *v.* Burdett, 22 Tex., 633.

This view is sustained by the courts of several other states construing their statutes. Loftin *v.* Cobb, 1 Jones (N. C.) Law, 406; Bartlett *v.* Simmons, 4 id., 295; Watts *v.* Griswold, 20 Ga., 732; Hole *v.* Rittenhouse, 37 Penn. St., 116; Angell on Lim., §§ 392–4.

The defendants, Stegall *et al.,* having claimed title through the sheriff's deed under the judgment and execution against plaintiff Huff, he was not required to de-

raign title beyond himself as a common source. Wilson
v. Palmer, 18 Tex., 592. Neither was he required to
allege this common source, to admit evidence of it. Keys
v. Mason, 44 Tex., 140.

Judgment affirmed.

AFFIRMED.

[Opinion delivered January 7, 1881.]