# THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY vs. E. L. JAMES.

### SUPREME COURT, TYLER TERM, 1883.

*Evidence—Practice.* Where, in an action of trespass to try title, the plaintiff has based his right to recover upon possession, and there is a sufficiency of evidence to authorize a recovery, the action of the trial court in admitting certain deeds and parol proof of title, will not be revised by this court where it does not appear that the rights of the defendant were prejudiced. In this case such proof was admissible to show that the plaintiff's possession was under claim of title, and this, without reference to whether the deeds actually passed or not.

*Same—Damages.* An award of damages for the use and occupation of land, can-

not stand in the absence of evidence as to the value of such use and occupation.
Note also, that in this case there is a total want of evidence upon which to estimate
actual damages.

*Same.* Note a state of case wherein the plaintiff was entitled, without further
proof, to nominal damages, i. e., such as could be named, but not estimated by the
proof. Note also that, the facts failing to show a taking of possession under such
circumstances as to show wilful, vexatious and malicious proceeding, and author-
ize exemplary damages, a judgment for exemplary damages was error.

Appeal from Guadalupe County.

*W. E. Goodrich* for the appellants.

*Ireland & Burges* for the appellee.

Opinion by Stayton, J.

The appellee evidently based his right to recover upon his pos-
session; this is evident from the charge of the court, and the entire
record, and we are of the opinion that the facts proved were suffi-
cient to authorize a recovery by him, and that the action of the
court in admitting certain deeds and parol proof of claim of title
could not have prejudiced the right of the appellant. 18 Tex. 592;
52 Tex. 128.

The proof so made, at least, was admissible for the purpose of
showing that the appellees, possession was under claim of title; and
this without reference to whether the deeds actually passed title
or not.

The jury found a verdict for the appellee for the lot in controversy,
and also for one hundred dollars actual and two hundred and fifty
dollars exemplary damages.

Of the actual damages the appellee remitted all but five dollars,
and judgment was entered for two hundred and fifty-five dollars
damages.

It is claimed that this is an excessive judgment and without evi-
dence to support it.

There is no evidence in the record showing the value of the use
and occupation of the lot, nor of so much of it as is claimed to have
been occupied by the appellant; nor is there any evidence from
which even a reasonable inference might be drawn upon this subject,
nor as to the actual damage sustained by the appellee.

In the absence of such proof the jury had no basis upon which to
estimate damages.

The appellee was entitled, without further proof, to nominal dam-
ages, i. e. damages which can be named, but not estimated by proof,

Such is not the actual damage found by the jury, nor is it such as that for which judgment was entered after the *remittiter.* The facts proved do not show that the land in question was taken possession of with such knowledge that it belonged to the appellee and under such circumstances as to render the act so willful, vexatious, or malicious as to entitle the appellee to exemplary damages.

It is true when the ground for the depot was laid off, that the agent for the company was shown the line of Austin street, but it does not appear that the agent disregarded the line so shown to him and wilfully trespassed upon land which belonged to another. It does not appear in the record what the situation of Austin street was, in reference to the lot in question, nor how a knowledge of the true line of Austin street will enavle the agent to know the true locality of the lot.

It is true that negotiations for the purchase of the lot had been going on, but it is also true that the agent who located the depot declared that he would locate it upon ground which the appellant owned on that side of the track, if he could not buy other property at a fair price.

So far as the record shows, the entry upon the lot may have been through an innocent mistake, as to its true locality. We are of the opinion that the evidence did not justify a verdict and judgment for exemplary damages, and for that reason the judgment of the court below is reversed and the cause remanded.