EMMA C. RICHARDS ET AL. v. W. C. BELCHER ET AL.

No. 442.

1. **Jurisdiction of County Court.**—A judgment of the County Court for $1007.10 being shown, in the absence of other evidence there is no merit in the contention that that court had no jurisdiction to render it.

2. **Deed, Proof of Execution of.**—The grantee in a deed which has never been acknowledged and has no subscribing witnesses, may prove its execution.

3. **Void Execution and Sale.**—The clerk of the District Court had no authority to issue an execution upon the County Court judgment, when a copy of the judgment had not been certified to the district clerk and recorded in his minutes, and a sale under it is void.

4. **Refunding Purchase Money to Execution Purchaser.** — The judgment under which the land was sold being valid, the execution purchaser is entitled to have the purchase money paid by him refunded by the heirs of the defendant in execution, who sue, before they can recover the land from the defendants.

APPEAL from Aransas.    Tried below before Hon. S. F. GRIMES.

*Baldwin & Stevens*, for appellants.—1. The court erred in admitting in evidence a certified copy of a judgment rendered in the County Court of San Patricio County, offered by defendants in support of an execution and sheriff's deed, because the judgment shows on its face that the court did not have jurisdiction of the subject matter of the suit, in this, that the amount in controversy exceeded the limit of the court's jurisdiction. Walker v. Myers, 36 Texas, 203; Bohl v. Brown, 2 Willson's C. C., sec. 540.

2. The court erred in admitting in evidence a certified copy of an execution issued out of the District Court of San Patricio County, offered by defendants in support of a sheriff's deed, because it was not supported by the judgment introduced by defendants. Sayles' Civ. Stats., art. 2267a; Wright v. Doherty, 50 Texas, 34; Wells on Jur., sec. 126; Sedg. on Stat. and Const. Law, 348, 349; Hoerr v. Coffin, 1 W. &. W. C. C., sec. 186.

3. A clerk of the District Court has no authority to issue execution to enforce a County Court judgment until the District Court has acquired jurisdiction in some manner prescribed by law.    Sayles' Civ. Stats., art. 2267a; Miller v. Koertge, 70 Texas, 162; Mawthe v. Crozier, 50 Texas, 153; Bruhn & Williams v. Bank, 54 Texas, 152; Walker v. Myers, 36 Texas, 202; Wooters v. Pinkle, 25 N. E. Rep., 791; Bank v. Huntoon, 35 Kans., 577; Thatcher v. Powell, 6 Wheat., 128; Barry v. Patterson, 3 Humph., 313; Freem. on Ex., sec. 14; 1 Greenl. on Ev., sec. 20.

*McLeary & Flemming*, for appellees — 1. The judgment of the County Court of San Patricio County is valid.    It does not affirmatively appear from the face of the judgment that the County Court of San Patricio

County was without jurisdiction over the amount in controversy. Williams v. Haynes, 77 Texas, 284; Guilford v. Love, 49 Texas, 744.

2. The court did not err in admitting in evidence the certified copy of the judgment and execution from San Patricio County. The judgment and execution are both regular. The execution offered in evidence shows that the jurisdiction of the County Court of San Patricio County has been transferred to the District Court of that county, and is issued by the district clerk. Holmes v. Buckner, 67 Texas, 108.

3. There being no subscribing witness to the deed, the grantee was competent to prove its execution. White v. Holiday, 20 Texas, 681; Wiggins v. Fleishel, 76 Texas, 62; 76 Texas, 552.

GARRETT, CHIEF JUSTICE.—This is an action of trespass to try title, brought by appellants as the heirs of E. W. Richards, deceased, to recover a lot in the town of Rockport.

On March 20, 1878, Zuberbier & Behan recovered a judgment against E. W. Richards in the County Court of San Patricio County, for the sum of $1007.10, with interest from that date at the rate of 8 per cent per annum. Afterwards, by an act of the Legislature of March 26, 1881, the civil jurisdiction of the County Court of said county, except as to probate matters, etc., was taken from it. Sayles' Civ. Stats., art 1172k. On the 29th day of November, 1882, an execution was issued by the clerk of the District Court of San Patricio County, directed to the sheriff of Aransas County, which recited that judgment had been obtained by Zuberbier & Behan in the County Court of San Patricio County, etc., and that the civil jurisdiction of said court had been transferred to the District Court of said county. By virtue of this execution the lot in controversy was levied upon and sold, and C. F. Bailey, remote vendor of the defendant Belcher, became the purchaser for $110, which he paid, and a deed was executed to him therefor by the sheriff.

There is no merit in the first question raised by appellants, that the County Court was without jurisdiction of the subject matter in the case of Zuberbier & Behan v. Richards, because the judgment appears upon its face to be for more than $1000. It will be presumed in favor of jurisdiction that the excess over $1000 was interest on the amount sued for. The County Court is a court of general jurisdiction within the limits prescribed by law.

There was no error in allowing Bailey, the grantee in the sheriff's deed, to testify as to its execution, since it does not appear that there were any subscribing witnesses to the deed. The question arises out of the remaining assignments of error, whether the district clerk had the power to issue the execution, as it was not shown that a certified copy of the judgment rendered in the County Court had been transmitted to the clerk of the District Court and recorded in the minutes of that court as is required

by law in such case.  Sayles' Civ. Stats., art. 2267a.  It would be unprofitable to inquire which court, in the absence of the statute, would have had control of the enforcement of the judgment, for the statute points out the manner in which the district clerk shall acquire the power to issue the execution.  The recital in the execution is not evidence of the authority.

It was necessary that a copy of the judgment rendered in the County Court, certified to by the county clerk, should have been recorded in the minutes of the District Court before the district clerk was authorized to issue the execution.  Sayles' Civ. Stats., art. 2267a; Freem. on Ex., sec. 14; Wooten v. Pinkle, 25 N. E. Rep., 791.  The execution by virtue of which the sale was made was void.

Since the judgment by virtue of which the execution issued is a valid judgment, appellee Belcher would be entitled to have the purchase money paid by Bailey for the lot refunded to him.  Stegall v. Huff, 54 Texas, 193; Burns v. Ledbetter, 56 Texas, 285, are referred to for the distinction between a void judgment and a void execution, as to the rule requiring purchase money to be refunded.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 15, 1894.