### ORGAN v. MAXWELL.†

(Court of Civil Appeals of Texas. Texarkana. Oct. 24, 1911. Rehearing denied Nov. 2, 1911.)

1. TRESPASS TO TRY TITLE (§ 11*)—PROOF OF TITLE.

Notwithstanding defendant's plea of not guilty in trespass to try title, plaintiff need not prove title in himself from the sovereignty of the soil, where it appears by a special plea, and from the evidence offered in support of it that the title asserted by defendant emanated from plaintiff.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 14; Dec. Dig. § 11.*]

2. TRESPASS TO TRY TITLE (§ 38*)—DEFENSES—ESTOPPEL—BURDEN OF PROOF.

In trespass to try title, the court properly charged that the burden was on defendant to show by a preponderance of evidence the existence of facts constituting the alleged estoppel relied on as a defense.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Trespass to try title by C. L. Maxwell against E. Organ. Judgment for plaintiff, and defendant appeals. Affirmed.

The suit was to try the title to lot 3, in block 10, in the town of Myra. It was brought by appellee against appellant. The petition contained the allegations usually made by a plaintiff in the action of trespass to try title. The answer consisted of a disclaimer by appellant as to a part of the lot sued for, and, as to the remainder thereof, a plea of not guilty, and a special plea as follows: "Further answering and in special plea in this behalf, defendant says and pleads: That plaintiff's said property and the defendant's are in the same block and adjoining each other, the plaintiff's said lot being just south of this defendant's. That there is a division fence between plaintiff's and defendant's property, running east and

west, which both plaintiff and defendant claim to be a partition fence. That said fence was located at the same place as it is at present when the defendant purchased his said property just north of plaintiff's property and adjoining the same. That, when the plaintiff purchased the property on the south side of said block, it was agreed that the said plaintiff and Osro Groves should purchase the whole block together, and that same should be partitioned between the said plaintiff and said Osro Groves, from whom the defendant deraigned his title, and that, when the said block was purchased, the same was divided between the plaintiff and said Osro Groves, and the partition fence above referred to was agreed upon as a dividing line, and, when this defendant purchased said north side of said block from said Osro Groves, he purchased said lot, believing that said partition fence was the dividing line. That, shortly after this defendant purchased said lot on the north side of said block and went into possession of same, the plaintiff began to contend that the said division fence was not the dividing line between their property, and the defendant claimed that said partition fence was the dividing line, and plaintiff and defendant finally compromised and settled said controversy as follows: The said partition fence beginning on the east side of the said block ran about 10 or 15 feet west and then south about 6 feet, and then west about 15 feet, then south again about 6 feet, and then west to the west side of the block, which was agreed to be changed so that it should run as follows: Beginning at the same point on the east side as originally, then running west as originally, then running south as originally, and then running straight to the west side so as to leave on the plaintiff's side the parallelogram created by the last crook in the fence south. That at the time of said agreement the defendant had his closet and his henhouse on the parallelogram referred to above, and, in pursuance of said agreement between plaintiff and defendant, he moved his closet and henhouse north so as to place same on his own property and next to the south line agreed upon; and it became necessary by said agreement for him to move his barn back on the said line in order that he might use gates that became necessary by virtue of said move, all of said action being taken on the part of defendant relying upon the said agreement and compromise of said division line as aforesaid made between plaintiff and defendant. That the same was done at considerable costs to this defendant, and defendant here pleads inasmuch as said compromise and said partition was made, and inasmuch as the defendant in pursuance of said compromise took the action as aforesaid, all of which was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

known to the plaintiff, defendant pleads that the plaintiff is estopped from controverting said line, and should take nothing by this action." The answer also contained a plea setting up that appellant had in good faith made permanent and valuable improvements on the part of the lot to which his disclaimer did not apply. Appellee offered, and the court admitted, as evidence: Deed from F. M. Newberry to appellee, dated November 17, 1905, conveying said lot 3; deed from said Newberry to Osro Groves, dated February 17, 1905, conveying lot 2 in the same block; deed from Groves to appellant, dated November 11, 1906, conveying said lot 2; and thereupon rested. Appellant then adduced evidence in support of his special plea, and appellee evidence against it. The issue presented by said special plea was the only one really controverted in the evidence offered by the parties. The court instructed the jury that the legal title to lot 3 was in appellee, and directed them to find in his favor, unless they found in appellant's favor on the issue presented by his special plea, which he submitted to them in other portions of his charge. On this issue he instructed them the burden of proof was on appellant. The finding was in appellee's favor, and a judgment that he recover said lot 3 and the costs of the suit of appellant was thereupon entered.

Stuart, Bell & Moore, for appellant. Potter & Culp, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists that it did not appear from the testimony offered that he and appellee were claiming the part of lot 3 in controversy from a common source, and that, as appellee failed to prove that the title asserted by him to said lot emanated from the state, the court erred in instructing the jury that the legal title was in appellee, and in refusing to instruct the jury to find for appellant. The contention would be sustained but for the fact that it appears from his (appellant's) special plea setting up an estoppel against appellee, and from the evidence heard, that appellant's claim of title to the part of lot 3 not eliminated from the controversy by his disclaimer was under appellee.

[1] Notwithstanding a plea of not guilty by a defendant in such a suit, it seems that the plaintiff need not prove title in himself from the sovereignty of the soil, where by a special plea the defendant sets out the title he relies upon, and it appears from the allegations in his plea and from the evidence offered by him in support of it that the title asserted by him emanated from the plaintiff. Stegall v. Huff, 54 Tex. 197; Custard v. Musgrove, 47 Tex. 219; Wilson v. Palmer, 18 Tex. 595; Wardlow v. Harmon (Civ. App.) 45 S. W. 828. In such a case as said by the court in Stegall v. Huff, supra, the plaintiff is "not required to deraign title beyond himself as a common source."

[2] The court instructed the jury that the burden was on appellant to show by a preponderance of the testimony the existence of facts and circumstances constituting the estoppel he relied upon to defeat the recovery sought by appellee. We do not think it was error to so instruct the jury. Ogden v. Bosse (Civ. App.) 23 S. W. 732.

We have considered consignments presenting other contentions made by appellant, and are of the opinion that none of them should be sustained.

The judgment is affirmed.