**PYNES v. DODD et ux.**

No. 1839.

Court of Civil Appeals of Texas. Eastland.

Oct. 21, 1938.

Rehearing Denied Dec. 2, 1938.

J. M. Chandler and W. J. Cunningham, both of Abilene, for plaintiff in error.

Lee R. York, of Abilene, for defendants in error.

LESLIE, Chief Justice.

Plaintiffs W. D. Dodd and wife sued C. M. Pynes in trespass to try title to recover title and possession of certain real estate situated in Taylor County, Texas. The second count in the petition sought judgment for the amount of four promissory notes secured by vendor's lien on the land, together with foreclosure of lien. The defendant answered by plea of not guilty and general denial. Trial was before the court without jury, and at the conclusion of the testimony plaintiffs were awarded judgment for title and possession of the land.

The defendant brings the case to this court on writ of error. The parties will be referred to as in the trial court. On defendant's request the trial court filed findings of fact and conclusions of law.

On December 11, 1930, plaintiffs, W. D. Dodd and wife, being the owners of the land involved, conveyed the same by general warranty deed to M. M. Horton and wife, Delia Horton. The deed recited consideration as follows: "In consideration of the sum of $1.00 and exchange of property to them paid and secured to be paid by M. M. Horton and Delia Horton, as follows: * * * have granted, etc." The deed concludes thus: "But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above described note and all interest thereon are fully paid according to face and tenor,

effect and reading, when this deed shall become absolute."

Contemporaneously, and as part of the same transaction, as found by the trial court, the Hortons executed and delivered to W. D. Dodd, as part consideration for the land, their four notes, three for $500 each, and one for $600, making a total of $2,100, and also executed and delivered at that time to Lee R. York, trustee for the benefit of plaintiffs, a deed of trust conveying the above described property to secure the payment of said notes. The deed of trust was recorded February 11, 1931.

With the title standing thus, the Hortons later entered into a written contract with J. M. Chandler, an attorney, to cancel the above notes. It is not disclosed upon what basis or upon what grounds this cancellation was being sought or undertaken, but in consideration of the services to be performed by said Chandler, the Hortons agreed to convey him an undivided one half interest in the property. They made such agreement with Chandler January 21, 1931, and pursuant to that contract, executed a deed to one C. M. Pynes, the defendant herein. This conveyance was dated February 28, 1931, filed for record April 8, 1931, and made at the instance of said Chandler and for the purpose of carrying out the contract between him and the Hortons. All this occurred subsequent to the recording of the above mentioned deed from the Dodds to Hortons and the delivery by them of the deed of trust to the Dodds. But this conveyance to Pynes was slightly previous to a warranty deed which the Hortons executed to the Dodds, reconveying the land to them. This reconveyance occurred May 13, 1931 (filed for record May 23, 1931). This reconveyance deed to the Dodds reciting a consideration of "$2,100 to them paid by W. D. Dodd and Leotho Dodd * * *." In the body of this deed is the specific recital, "This conveyance is made in consideration of the release and cancellation of the notes in favor of the grantees [Dodds] herein which are secured by a second deed of trust [York being trustee] on said property, the agreement being that the second deed of trust is to be released and the notes therein secured canceled and returned to the grantors herein." In the body of the deed is a recital that the Braniff Investment Company holds a first lien by deed of trust.

This reconveyance was accepted by the Dodds and filed for record without any act-

ual knowledge that the Hortons had theretofore endeavored to effect a cancellation of these notes as evidenced by their negotiations with Chandler and their action in conveying the consideration for his services to defendant Pynes. When this property was reconveyed by the Hortons on May 13, 1931, the Dodds took immediate possession thereof under said deed. Recently when the Dodds were attempting to sell the property again, the supplemental abstract of title disclosed the Pynes' deed, and this lawsuit followed. The trial court finds that Dodd is now and has been all along in possession of said property.

It appears that during the trial of the case when plaintiffs introduced into the evidence the contract between Chandler and the Hortons, the defendant Pynes thereupon filed a trial amendment by which he disclaimed any interest in an undivided one half interest in the property in controversy.

The trial court found that no part of the principal or interest of the above notes was ever paid; that they are all past due and unpaid, and that the defendant did not offer to pay them, or any part thereof; that the defendant's rights were inferior to the plaintiffs' rights; that the superior title to the land involved in this litigation remained in the plaintiffs until payment of the purchase price. That if C. M. Pynes had any right at all it was an equity of redemption only which was inferior to the title of plaintiff.

The above statement is but a brief summarization of the learned trial court's conclusions which we find to be clear, comprehensive and amply supported by the testimony.

We find nothing in the facts of this case calling for an application of the rule in Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025. The record reflects no outstanding instruments or muniments of title required to be first removed by cancellation before the plaintiffs could recover their land on the assertion and proof of the superior title which remained in them at all times.

■ The evidence in this case and the authorities abundantly support the finding of the trial court that (1) the Dodds' deed to Hortons, (2) the Hortons' deed of trust to York for the benefit of the Dodds, and (3) the four notes given as part purchase price of the land constitute but a single instrument and form but parts of the same contract. Dunlap's Adm'r v. Wright, 11 Tex. 597, 62 Am.Dec. 506; Taylor v. Hudgins, 42 Tex. 244; Howards· v. Davis, 6 Tex. 174; 13 C.J. p. 528, sec. 487, citing Texas authorities.

That the superior title remained in the Dodds cannot be questioned. Webster et al. v. Mann, 52 Tex. 416; McKelvain v. Allen, 58 Tex. 383; Lundy et al. v. Pierson, 67 Tex. 233, 2 S.W. 737; Anderson v. Silliman, 92 Tex. 560, 50 S.W. 576; Masterson v. Cohen, 46 Tex. 520; Boulware v. Kempner, Tex.Civ.App., 36 S.W.2d 527.

The evidence also supports the trial court's finding that Hortons' deed to Pynes, and the Horton-Chandler contract constituted but a single transaction with knowledge at the time, both actual and constructive on the part of these parties, of the superior rights in the Dodds as evidenced by their original deed to Horton, the Horton deed of trust and the four notes secured thereby.

■ The defendant also attacks the judgment on the ground that there was no agreement as to the common source of title, and that plaintiff failed to prove a common source and also failed to show a continuous chain of title from the sovereignty of the soil. It seems to us that the record clearly reflects that common source of title was shown. Where a defendant deraigns title from the plaintiff the latter is the common source of title. As said in Temple Lumber Co. v. Arnold, et al., Tex.Civ.App., 14 S.W.2d 926, 927: "The conclusion that appellants were holding under appellees made appellees the common source of title, relieving them of the burden of deraigning title from and under the original grantees. Proof of common source establishes a prima facie case." For other authorities so holding see: Stegall v. Huff, 54 Tex. 193; Keys v. Mason, 44 Tex. 140; Custard v. Musgrove, 47 Tex. 217, 219; King v. Kloh Tex.Civ.App., 10 S.W.2d 1043, 1050; Wilson v. Palmer, 18 Tex. 592, 595; Wardlow v. Harmon, Tex.Civ.App., 45 S.W. 828; Organ v. Maxwell, Tex.Civ.App., 140 S.W. 255, error refused; 41 Tex.Jur. p. 513, sec. 44, and authorities cited.

We have carefully examined all assignments of error and are of the opinion that no ground is shown for reversing the judgment of the trial court. It is therefore affirmed.