The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### BOULWARE et al. v. KEMPNER.
### No. 1005.

Court of Civil Appeals of Texas. Waco.
Feb. 12, 1931.

Rehearing Denied March 12, 1931.

James T. Ryan, of Centerville, and R. W. Dean, of Navasota, for appellants.

M. L. Bennett, of Normangee, Carl Harper, of Madisonville, and Seale & Seale, of Centerville, for appellee.

ALEXANDER, J.

This was a suit in trespass to try title in the district court of Leon county, Tex., by Mrs. Eliza Kempner against Gilbert Gresham and the heirs of Leroy Boulware. A trial before the court without a jury resulted in a judgment for the plaintiff. The defendants, the Boulware heirs, have appealed.

The land in question was patented to Leroy Boulware. The appellants are his heirs. The appellee established title to the land from the heirs of A. H. Wier and sought to establish by circumstances the existence of a deed from the heirs of Leroy Boulware by their attorney in fact to A. H. Wier. The evidence shows that in 1883 the heirs of Leroy Boulware executed powers of attorney to Norman G. Kittrell, empowering him to take charge of and sell and convey the lands belonging to them in Leon county and to adjust all claims concerning the same. At that time the Boulware heirs owned several hundred acres of land in Leon county. The attorney in fact, after his appointment, employed a competent surveyor who went upon the land, surveyed and platted the same, and fixed the value of the respective tracts. It seems that the attorney in fact was to bear the expense of surveying and partitioning the land and was to receive a part of the land as his compensation. The attorney in fact executed deeds to certain outsiders to various tracts of the land belonging to said heirs and then executed partition deeds by which the remainder of the land belonging to them was partitioned among said heirs. The land in question was not deeded to any of the heirs. In 1887 T. J. Wier and Kate Wier executed a deed to J. W. Smart and E. C. Smith, by which the grantors "as the heirs of the late A. H. Wier" conveyed the land in question, and after describing the land further recited, "and the same described in a deed to A. H. Wier from Norman G. Kittrell as agent of the heirs of Leroy Boulware." The appellants objected to the introduction of the above-quoted portion of this deed because the same was a self-serving and hearsay statement and an attempt to establish the existence of a deed supposed to have been executed by said attorney in fact by hearsay evidence and because the appellants had filed an affidavit to the effect that if such deed ever existed the same was a forgery.

■■ The existence of the deed from the attorney in fact to A. H. Wier was necessary to establish appellee's chain of title to the land in question. The recitations in the above deed were hearsay and self-serving and ordinarily would not be admissible, and if standing alone, would not be sufficient to establish the existence of the missing conveyance. But where it is sought to establish the execution of deeds to land, the originals of which have been lost or destroyed without being recorded, the courts are very liberal in the admission of all the surrounding circumstances that would tend to establish the existence of such deeds. This is especially true where it is an ancient title paper, the existence of which is sought to be established. If this were not true, many honest titles would be defeated. Ordinarily the courts will admit evidence of all the surrounding circumstances, both before and after the date on which such lost instrument is supposed to have been executed for the purpose of determining the existence or nonexistence of such an instrument. In such a case, by reason of the law of necessity, the rule against self-serving declarations is relaxed, and such declarations, when they are themselves found in ancient documents, will be admitted as a circumstance to establish the existence of the lost instrument. Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 736 (writ refused); Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033 (writ refused); Magee v. Paul, 110 Tex. 478, 221 S. W. 254; Hirsch v. Patton, 49 Tex. Civ. App. 499, 108 S. W. 1015; Sandmeyer v. Dolijsi (Tex. Civ. App.) 203 S. W. 113.

■ However, such declarations unsupported by other evidence will not be sufficient to establish the existence of such lost instrument. There must be other supporting circumstances. Were the circumstances in this case sufficient to establish the existence of such a deed? The declaration that the land was the same as the land deeded by Norman G. Kittrell as agent of the Boulware heirs to A. H. Wier was contained in a deed dated in 1887, nearly forty years before this litigation was begun. It appears that Norman G. Kittrell actually had the authority to execute such a deed. He executed similar deeds to other parties. It was necessary for him to execute such deeds in order to compensate himself and to defray the expenses of the partition. He partitioned among the Boulware heirs the remainder of the land belonging to them in Leon county, but did not deed to any of them the land in question. They took charge of and conveyed the land set apart to them but do not appear to have complained of not having received any part of the land under litigation. The land in question constituted a part of a larger tract of five hundred acres. In 1888 a partition suit was filed in Leon county by M. Lasker et al. against Smart & Smith, by which the land in question was set aside to Smart & Smith, appellee's remote grantors. In 1890 the land was conveyed by Smart & Smith to Leon County Co-operative Association, and in 1899 said association conveyed it to John W. Waltmon. Waltmon conveyed the land to Eliza Kempner in 1906. It is true that there is no evidence that either Smart & Smith, or their grantees, took actual possession of the land under the deed in question, but actual possession under such a deed does not appear to be indispensable to establish the existence of such a deed. Garner v. Lasker, 71 Tex. 431, 9 S. W. 332; Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064. There is no evidence as to who paid the taxes from 1883 to 1907, but the record does show that the Boulware heirs did not pay such taxes. Mrs. Kempner, the appellee, began to pay the taxes in 1907 and continued to pay them until 1918. Her grantee, Gresham, paid the taxes from 1918 until 1921, when this litigation was first begun. It will thus be seen that from 1883 to 1921, for a period of approximately thirty-eight years, appellants asserted no claim to the property and paid no taxes thereon. They stood by and allowed the land to be partitioned among strangers and to be conveyed from one party to another for a period of thirty-eight years and allowed the appellee and her grantee to pay the taxes for fourteen years without making any complaint or asserting any ownership to the property. The trial court necessarily found the existence of the missing deed; otherwise, the judgment could not have been for the appellee. We think the excerpt from the deed in question was admissible and that the evidence taken as a whole was sufficient to show the existence of the missing deed from Norman G. Kittrell as agent of the Boulware heirs to A. H. Wier.

■■ In 1917 the appellee Eliza Kempner conveyed the land in question to Gilbert Gresham. In 1921 the appellants, in a suit against Gresham, recovered the title to the land. In the instant case the appellants plead the judgment recovered by them against Gresham as res adjudicata and they now insist that Mrs. Kempner by the deed in question conveyed to Gresham her entire interest in the land and that since appellants recovered the land from her grantee Gresham, Mrs. Kempner now has no right to recover herein. The conveyance from Mrs. Kempner to Gresham was by warranty deed in which it was recited that a part of the consideration for the conveyance was the execution by Gresham to Mrs. Kempner of one note of even date therewith in the sum of $500. In this deed no vendor's lien was retained. However, the note executed by Gresham, payable to Mrs. Kempner and described in the deed, expressly recited that a vendor's lien was retained on the land to secure the payment of the note. Under such circumstances the note and deed must be construed together as one instru-

ment. Since the note retained the vendor's lien on the land, the superior title remained in Mrs. Kempner and she had such title as would support an action in trespass to try title. McKelvain v. Allen, 58 Tex. 383; Lundy v. Pierson, 67 Tex. 233, 2 S. W. 737; Miller v. Linguist (Tex. Civ. App.) 141 S. W. 170 (writ refused); Buckley v. Runge (Tex. Civ. App.) 136 S. W. 533 (writ refused); Beckham v. Scott (Tex. Civ. App.) 142 S. W. 80.

■■ Mrs. Kempner was not a party to the suit by the Boulware heirs against Gresham in 1921 and the judgment in that case was therefore not binding on her. It is true that where a grantee buys land during the pendency of a suit for the title thereto a judgment against his grantor will be binding on him. This is made so by statute. Revised Statutes, artcle 7391. But where a grantor sells land and retains the superior title a judgment against the grantee for the title to the land will not be binding on the grantor unless he is made a party to the suit. McKelvain v. Allen, 58 Tex. 383; Looney v. Simpson (Tex. Civ. App.) 25 S. W. 476; Id., 87 Tex. 112, 26 S. W. 1065; Foster v. Andrews, 4 Tex. Civ. App. 429, 23 S. W. 610, 611. The Boulware heirs are not in the position of one who has purchased land for value without notice of the claim of a prior vendor. They acquired no greater right against Mrs. Kempner by virtue of the judgment recovered by them against Gresham than Gresham had against Mrs. Kempner. As to him, Mrs. Kempner had the right to maintain trespass to try title for the land unless he paid the note in question.

■ The note executed by Gresham to Mrs. Kempner had a special provision indorsed thereon by which it was provided that in the event of Gresham's title to the property was attacked or defeated by adverse claims before the maturity of the note, the note should become null and void, provided Gresham redeeded the property to Mrs. Kempner. We do not think the attack made by the Boulware heirs on Gresham's right to the title and possession of the property had the effect of destroying Mrs. Kempner's superior title to the property. This provision merely had the effect to relieve Gresham from personal liability on the note in the event his title to the land was attacked or defeated.

■ Appellants objected to the introduction of the deed from Leon County Co-operative Association to John W. Waltmon. The deed appears to have been executed in the name of the association by its president and secretary. The objection was that there was no resolution from the board of directors of the association authorizing the president and secretary to convey the property and further because the seal of the corporation was not impressed on the deed. These objections were overruled. The deed in ques-

tion was not copied in full in the statement of facts, only the substance thereof being given. There is therefore nothing to show that the deed did not contain the seal of the corporation. The fact that the trial court overruled the objection would raise the presumption that the deed contained the seal of the corporation, and the objection therefore was not well founded. The deed having been executed by the proper officers of the corporation, it carries with it prima facie authority from the board of directors for its execution without the necessity of showing a resolution from the board of directors. Smith v. Allbright (Tex. Civ. App.) 261 S. W. 461, par. 15; Texas Auto Co. v. Arbetter (Tex. Civ. App.) 1 S.W.(2d) 334.

This disposes of all the assignments of error of the appellants. The judgment of the trial court is therefore affirmed.